UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS ANTHONY WELSH,

    Petitioner,

vs.           Case No. 3:08-cv-340-J-34JRK

WALTER A. MCNEIL,
et al.,

    Respondents.

## **ORDER OF DISMISSAL WITH PREJUDICE**

  Petitioner Travis Anthony Welsh, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on April 1, 2008, pursuant to the mailbox rule.[1] Petitioner challenges a 2001 state court (Duval County, Florida) judgment of conviction for sexual battery and lewd and lascivious assault on the following grounds: (1) the circuit court improperly refused to address his Rule 3.850 motion and amended Rule 3.850 motion under the mailbox rule; (2)

---

[1] The Petition (Doc. #1) was filed in this Court on April 4, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (April 1, 2008). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

trial counsel was ineffective for failing to move to dismiss those charges that were brought by Information rather than by a grand jury Indictment; (3) trial counsel was ineffective for failing to ensure that the proper jury instructions were given; (4) trial counsel was ineffective for failing to ensure that a presentence investigation was completed, as the court directed; (5) trial counsel was ineffective for failing to object to the testimony of Margarita Vargas regarding prior bad acts; (6) trial counsel was ineffective for failing to file an adequate motion for judgment of acquittal at the close of the State's case; (7) trial counsel was ineffective for failing to move for a statement of particulars to narrow the one-year period of the offense; and (8) trial counsel was ineffective for failing to properly impeach the alleged victim during the trial testimony.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitations as set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #13).[2] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #4). Petitioner filed

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

Petitioner's Objection to the State's Response (Reply) (Doc. #15) with exhibits (Petitioner's Ex.). This case is ripe for review.

The following procedural history is relevant. On October 13, 2000, Petitioner Welsh, by Amended Information, was charged with sexual battery committed upon a person twelve years of age or older, but less than eighteen years of age, by a person in familial or custodial authority on or between January 1, 1998, and January 15, 2000 (count one); sexual battery committed upon a person less than twelve years of age on or between January 1, 1999, and December 31, 1999 (count two); lewd or lascivious molestation (count three); and lewd, lascivious or indecent act - fondling (count four). Resp. Exs. A at 8; B, Amended Information. Counts one and three were severed, and counts two and four proceeded to trial. Resp. Exs. A at 12; C. On December 15, 2000, the jury returned verdicts of guilty as charged. Resp. Ex. C. On February 1, 2001, the court sentenced Petitioner to a term of life imprisonment without the possibility of parole for the offense of sexual battery (count two) and a concurrent term of fifteen years of imprisonment for the offense of lewd, lascivious or indecent act - fondling (count four). Resp. Ex. D.

On appeal, Petitioner, through counsel, filed an Initial Brief of Appellant. Resp. Ex. E. The State filed an Answer Brief, and Petitioner filed a Reply Brief. Resp. Exs. F; G. On May 2, 2002, the appellate court affirmed by issuing a written opinion, see

Welsh v. State, 816 So.2d 175 (Fla. 1st DCA 2002); Resp. Ex. H, and the mandate issued on May 20, 2002, see Resp. Ex. I.

On or about May 8, 2002, Petitioner, through counsel, filed a Notice to Invoke Discretionary Jurisdiction. Resp. Ex. J. The parties filed briefs, see Resp. Exs. K; L; M, and on May 20, 2002, the Supreme Court of Florida granted review. Welsh v. State, 826 So.2d 994 (Fla. 2002). On June 12, 2003, the Supreme Court of Florida issued an opinion, adopting and approving the decision of the First District Court of Appeal. Welsh v. State, 850 So.2d 467 (Fla. 2003); Resp. Ex. N. The mandate issued on July 3, 2003. Resp. Ex. O.

On or about June 23, 2003, Petitioner filed a pro se letter, see Petitioner's Ex. B, which was construed as a motion for rehearing and stricken on August 5, 2003, as unauthorized since he was represented by counsel. See Resp. Ex. P. Accordingly, Petitioner's conviction became final on November 3, 2003 (90 days from August 5, 2003, when the appellate court denied the motion for rehearing). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rule 13.3. Because Petitioner's conviction was after April 24, 1996, the effective

date of the AEDPA, Petitioner had one year from the date his case became final to file the federal petition (November 3, 2004). His Petition, filed in this Court on April 1, 2008, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Respondents contend that Petitioner initiated proceedings pursuant to Rule 3.850, Florida Rules of Criminal Procedure, on December 30, 2005 (Response at 3); however, Petitioner has submitted exhibits, reflecting that he initiated the Rule 3.850 proceedings on July 3, 2004. Since Petitioner has submitted the pertinent documents reflecting that his Rule 3.850 proceedings were pending from July 3, 2004, through July 11, 2007, this Court will assume, for purposes of the one-year period of limitations issue, that the federal limitations period was tolled during this period.[3] Thus, the one-year period of limitations began to run on November 4, 2003, and ran two-hundred and forty (240) days until Petitioner filed his pro se Rule 3.850 motion on July 3, 2004. Petitioner's Ex. E. According to Petitioner's exhibits, on May 18, 2005, Petitioner filed a pro se Motion for Leave to Amend Motion for Post

---

[3] This Court recognizes that the state trial court denied the December 30, 2005, Rule 3.850 motion as untimely since the court found that no activity had transpired in Petitioner's case in 2004 and 2005, and therefore, the Rule 3.850 motion was filed more than two years after his conviction became final. However, assuming arguendo that Petitioner filed his original Rule 3.850 motion on July 3, 2004, that motion would have been timely (within two years after his conviction became final).

Conviction Relief, see Petitioner's Ex. F, and on April 9, 2005, September 1, 2005, and December 12, 2005, Petitioner inquired about the status of his case, see Petitioner's Ex. G. However, on December 19, 2005, the court responded to Petitioner's inquiries, noting that "we are not showing receipt of any motions sent in 2004 or 2005 for case number 2000-cf-1315." Petitioner's Ex. H; Resp. Ex. Q.

On December 30, 2005, Petitioner filed a Motion to Apply Mailbox Rule to Timely 3.850 and a Motion to Apply Mailbox Rule to Timely Amended 3.850. Petitioner's Ex. I; Resp. Ex. Q. And, on April 7, 2006, Petitioner filed a Notice of Supplemental Authority. Petitioner's Ex. J. On October 24, 2006, the court denied Petitioner's December 30, 2005, Rule 3.850 motion as untimely, stating that "[a]fter careful review of the Court file, this Court finds no activity transpired in Defendant's case in the calendar years 2004 and 2005," and therefore concluded that the Rule 3.850 motion was filed more than two years after his conviction became final. Resp. Ex. R.

Petitioner appealed and filed a pro se brief. Resp. Ex. S. The State filed a notice that no answer brief would be filed. Resp. Ex. T. The appellate court per curiam affirmed without issuing a written opinion on May 16, 2007. Welsh v. State, 958 So.2d 928 (Fla. 1st DCA 2007); Resp. Ex. U. On May 25, 2007, Petitioner filed a motion for rehearing (Petitioner's Ex. K; Resp.

Ex. V), which the court denied on June 25, 2007. Petitioner's Ex. L; Resp. Ex. W. The mandate was issued on July 11, 2007. Resp. Ex. X.

The one-year period of limitations began to run again on July 12, 2007, at which time Petitioner had one-hundred and twenty-five (125) days left to file his federal petition in this Court. Thus, Petitioner should have filed his Petition in this Court on November 14, 2007. Petitioner did not file his Petition until April 1, 2008, well beyond the November 14, 2007, deadline.

Petitioner has not set forth any facts showing he is entitled to equitable tolling. The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner has not met this burden.

Petitioner claims that he is not trained in the law and "does not, as a prisoner, have the access to the same monitoring faculties as other litigants or their lawyers." Reply at 6. The lack of a formal education does not excuse Petitioner from his delay in filing a timely federal petition. Moore v. Bryant, No.

5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (Not Reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (Not Reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL 1629951 (S.D. Ala. July 8, 2005) (Not Reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).  Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #13) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2009.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 5/6
c:
Travis Anthony Welsh
Assistant Attorney General (Conley)